UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 17-cr-20188

v.        Hon. Victoria A. Roberts

D-1  VIOREL PRICOP

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT PRICOP OR, IN THE ALTERNATIVE, TO APPOINT CO-COUNSEL FAMILIAR WITH ACCOUNTING AND TAX LAW (DKT. #32)**

Plaintiff, United States of America, responds to Defendant Viorel Pricop's attorney James C. Howarth's Motion to Withdraw as Counsel for Defendant or, in the alternative, to appoint co-counsel familiar with accounting and tax law.  The Motion does not establish that good cause exists for Mr. Howarth's withdrawal.  If the Court determines that good cause exists for the withdrawal, Plaintiff

1

does not oppose the request to withdraw. However, because this case is not extremely difficult, Plaintiff opposes the Motion's alternative request for appointment of co-counsel.

                                                  DANIEL L. LEMISCH
                                                  Acting United States Attorney

DATED: July 10, 2017                *s/Adriana N. Dydell*
                                                  Assistant U.S. Attorney (CA 239516)
                                                  U.S. Attorney's Office
                                                  211 W. Fort Street, Suite 2001
                                                  Detroit, MI 48226
                                                  adriana.dydell@usdoj.gov
                                                  (313) 226-9125

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 17-cr-20188

vs.          Hon. Victoria A. Roberts

D-1  VIOREL PRICOP

          Defendant.

_____/

**BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT PRICOP OR, IN THE ALTERNATIVE, TO APPOINT CO-COUNSEL FAMILIAR WITH ACCOUNTING AND TAX LAW (DKT. #32)**

### Statement of Issue

Should Defendant's third attorney, James Howarth, be allowed to withdraw, or in the alternative, should the Court appoint co-counsel familiar with accounting and tax law?

### Discussion

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. As part of this right, an indigent defendant is entitled to the appointment of counsel necessary for adequate representation. 18

3

U.S.C. § 3006A. The appointment of counsel for an indigent defendant is in the discretion of the Court and does not grant an indigent defendant the right to select a particular attorney. *United States v. White*, 451 F.2d 1225, 1226 (6th Cir. 1971) *citing United States v. Davis*, 365 F.2d 251, 254 (6th Cir. 1966). Similarly, defendant is not entitled to an attorney who is experienced in a particular field of law. *United States v. Grosshans*, 821 F.2d 1247, 1251 (6th Cir. 1987) (holding that lack of experience in tax protestor cases did not render referred counsel incompetent). Because the Court has discretion to appoint counsel, an indigent defendant must demonstrate "good cause" to warrant substitution of his court appointed counsel. *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). Good cause may include a conflict of interest, a complete breakdown of communication or an irreconcilable conflict. A motion to withdraw should be denied where the defendant himself does not express dissatisfaction or a wish for new counsel. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001).

Here, it is not clear from the Motion that Mr. Pricop is dissatisfied with Mr. Howarth's appointment. Further, it is not clear that there is an adequate basis for the appointment of new counsel, such as a complete breakdown in the attorney client relationship. Therefore, the Government requests that the Court further explore the basis for this request at a hearing to determine whether good cause exists for substitution of appointed counsel.

As an alternative to withdrawal, the Motion also requests appointment of co-counsel familiar with accounting and tax laws. Appointment of more than one attorney is limited to capital cases and extremely difficult cases where the court finds that appointment of co-counsel is in the interests of justice. CJA Guidelines, Guide to Judiciary Policy, Vol. 7 – Defender Services § 230.53.20(a) and (b) and Appx. 2A, Model CJA Plan, § VI, D; *see also United States v. Romero-Gallardo*, 245 F.3d 1159, 1160 (10th Cir. 2001) (suggesting that the CJA guidelines do not allow for multiple counsel except in limited circumstances). A defendant seeking additional services must convince the court that the additional services are necessary to an adequate defense. *United States v. Ledbetter*, 107 F. Supp. 3d 849, 854 (S.D. Ohio 2015) *citing United States v. Clark*, 717 F.3d 790, 809-15 (10th Cir. 2013).

The Motion states that defense counsel "feels ill-equipped to litigate this matter . . . inasmuch as an understanding of tax law and accounting by defense counsel will be necessary." However, Mr. Howarth is an experienced criminal defense attorney with decades of experience. An experienced and seasoned criminal lawyer like Mr. Howarth is capable of representing Mr. Pricop in this action. Although this is a fact intensive case, the legal issues and statutes are not particularly complex or difficult to understand. Mr. Howarth's inexperience with tax cases is not a sufficient reason to determine that this action falls into the rare

5

category of extremely complex cases where an additional attorney may be appropriate.

## Conclusion

Defendant is entitled to constitutionally adequate representation, not a counsel of his choosing or an expert in a particular field. If the Court determines that good cause exists for Mr. Howarth's withdrawal, Plaintiff does not oppose the Motion to Withdraw. However, because this case does not fall into the limited category of extremely complex cases, appointment of co-counsel is not appropriate.

DANIEL L. LEMISCH
Acting United States Attorney

DATED: July 10, 2017

s/Adriana N. Dydell
Assistant U.S. Attorney (CA 239516)
U.S. Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI  48226
adriana.dydell@usdoj.gov
(313) 226-9125

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> James C. Howarth
> Attorney for Defendant
> James-howarth@att.net

>> s/Adriana N. Dydell
>> ADRIANA N. DYDELL
>> Assistant United States Attorney
>> 211 West Fort Street, Suite 2001
>> Detroit, Michigan 48226-3211
>> (313) 226-9125
>> adriana.dydell@usdoj.gov